**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHIMROZE MOTIN,

    Plaintiff,

v.                                                 Case No. 09-13354

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                        /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS,
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
(3) GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION,
AND (4) DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION**

On April 6, 2010, Magistrate Judge Charles E. Binder issued a Report and Recommendation ("R&R") in the above-captioned matter, recommending that this court grant Defendant Commissioner of Social Security's "Motion for Summary Judgment" and deny Plaintiff Shimroze Motin's "Motion for Summary Judgment." On April 14, 2010, Plaintiff filed timely objections to the R&R, and the Government filed a response on April 28, 2010. The court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will overrule Plaintiff's objections, adopt the R&R, grant Defendant's "Motion for Summary Judgment," and deny Plaintiff's "Motion for Summary Judgment."

**I. BACKGROUND**

The sole issue before the court involves Plaintiff's alleged illiteracy, and the Magistrate Judge accurately detailed the administrative record. The court will therefore not describe Plaintiff's medical record in detail, and will instead briefly set forth the pertinent facts concerning Plaintiff's ability to read and write. (*See* Pl.'s Mot. Br. at 2

("Plaintiff has no dispute with the medical assessment and findings of the ALJ. . . . The area of dispute obviously involves the findings, or lack thereof, on literacy.").)

When Plaintiff applied for Social Security benefits, she completed a "Disability Report - Adult - Form SSA -3368." (Tr. at 51.) On the form, Plaintiff indicated that she could "read and understand English" and that she could "write more than [her] name in English." (*Id.* at 52.) A field office employee conducted a face-to-face interview with Plaintiff and filled out a "Disability Report - Field Office - Form SSA-3367." (*Id.* at 48.) The form indicates that Plaintiff had no difficulty reading or writing. (*Id.* at 49.) Plaintiff also signed two "Fee Agreements" with her representatives which were written in English. (*Id.* at 36, 143.)

Plaintiff appeared for a hearing before the ALJ on March 12, 2008, accompanied by a non-attorney representative. (*Id.* at 212-14.) Also present at the hearing was a vocational expert and a Bengali interpreter. (*Id.* at 214-16.) During the examination of Plaintiff, the ALJ asked Plaintiff, "Can you read and write English?" (*Id.* at 215.) Plaintiff responded, "My memory is not that good. That's why I can't do it." (*Id.*) Plaintiff also testified that she had a twelfth grade education in Bangladesh and that she has lived in the United States for almost twenty years. (*Id.*)

Prior to the hearing, Plaintiff's representative submitted to the ALJ a document entitled "Proposed Conclusion and Findings of Facts." (*Id.* at 141.) The document stated that Plaintiff "completed the 12th grade and has no special skills." (*Id.*) It further detailed Plaintiff's impairments of asthma, depression, and diabetes and explained how these impairments limited Plaintiff. (*Id.*) However, the document made no mention of Plaintiff's alleged inability to read and write. (*Id.*)

On August 19, 2008, the ALJ issued a written decision concluding that Plaintiff was not disabled under the meaning of the Social Security Act, (*id.* at 16-22), and on June 26, 2009, the Appeals Council found no reason to review the ALJ's decision, (*id.* at 5-7).  In the decision, the ALJ described Plaintiff as "a 52-year-old individual with a high school education in Bangladesh." (*Id.* at 18.)  The ALJ noted that she "has been in the United States almost 20 years at the time of the hearing" and that she "speaks 'pretty good broken English' and was easily understood at the hearing." (*Id.*)

After considering the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except with lifting and carrying 20 pounds occasionally, 10 pounds frequently; 6 hours standing/walking; 2 hours sitting; avoiding concentrated exposure to unprotected heights, vibrating tools, moving machinery, and dust, fumes and gases; and she is able to handle work involving simple tasks.

(*Id.* at 19-20.)  The ALJ further found that Plaintiff had no past relevant work, was "closely approaching advanced age" as of March 7, 2006, and has "at least a high school education and is able to communicate in English." (*Id.* at 21.)  Based on Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there "are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*)  In reaching this conclusion, the ALJ utilized the framework of Medical-Vocational Rule 202.13.  (*Id.* at 22.)

On August 25, 2009, Plaintiff sought review of the Commissioner's decision in this court.  The case was referred to Magistrate Judge Binder, and both parties filed motions for summary judgment.  The Magistrate Judge recommended granting Defendant's "Motion for Summary Judgment," concluding that substantial evidence

supported the Commissioner's determination. (R&R at 1.) Plaintiff has lodged timely objections to the Magistrate Judge's R&R.

## II.  STANDARD

### A.  Substantial Evidence Standard

Pursuant to 42 U.S.C. § 405(g), the Commissioner's findings of fact are conclusive if supported by substantial evidence. When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam). "The decision of an ALJ is reviewed to determine whether it is supported by substantial evidence and consistent with applicable law." *Pittsburgh & Conneaut Dock Co., v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 258 (6th Cir. 2007). This judicial review is limited to the record and evidence that was before the ALJ. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co.*, 473 F.3d at 259 (citation omitted), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Both the court of appeals and the district court may look to any

4

evidence in the record, regardless of whether it has been cited by the Appeals Council.").

### B.  Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), noting that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

Furthermore, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review;  making some objections but failing to raise others will not preserve all the objections a party may have."

*McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### III. DISCUSSION

### A. Waiver

The Magistrate Judge concluded that Plaintiff waived the issue of her alleged illiteracy. (R&R at 15.) Plaintiff objects to this conclusion, arguing that the issue of her illiteracy was not waived because it was raised with the Appeals Council; the issue was "preserved tacitly by the use of a translator;" the issue was preserved "specifically by the ALJ's question to the Plaintiff, which elicited a response that she could not read and write;" and the "issue was not fully triggered until the ALJ made his findings of a residual functional capacity for light work." (Pl.'s Objs. ¶¶ 2, 3, 5.)

The court agrees with the Magistrate Judge that Plaintiff waived her literacy argument. The Magistrate Judge cited cases from other circuits that held that a failure to raise an argument with the ALJ results in waiver. *See, e.g.*, *Anderson v. Barnhart*, 344 F.3d 809, 814 (8th Cir. 2003) ("[Claimant] never alleged any limitation in function as a result of his obesity in his application for benefits or during the hearing. Accordingly, this claim was waived from being raised on appeal."); *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("We now hold that, at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."). The court finds the reasoning of these cases persuasive and therefore concludes that Plaintiff's argument to the Appeals Council, which declined to review the case, does not preserve her illiteracy argument which was never made in the application or to the ALJ. As the Magistrate Judge notes, this was not a technical

6

argument for which only an attorney knowledgeable in the intricacies of Social Security law would know. (R&R at 15.) Instead, Plaintiff should have been readily aware of her inability to read and write English and that this may affect her ability to obtain employment.

Also, the presence of a translator, provided by the Social Security Administration, does not automatically raise an illiteracy argument. It was Plaintiff's burden to demonstrate that she was disabled by affirmatively setting forth the reasons. *See* 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled."); *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) ("Claimant bears the burden of proving [her] entitlement to benefits."). Under Plaintiff's reasoning, the presence of an overweight claimant would automatically raise an argument that a person was limited by obesity, contrary to *Anderson*. Moreover, a translator involves oral communication, not the ability to read and write. Thus, even if the presence of a translator could "tacitly" raise an argument, it would be based on an ability to communicate in English, which the ALJ addressed. (*See* Tr. at 21.)

In addition, the ALJ's question regarding ability to read and write in English, which he was required to ask per the Regulations, does not automatically mean that a literacy argument has been raised. Plaintiff's answer to the question regarding her poor memory was not entirely clear, particularly in light of her assertions in her Form SSA-3368 that she could "read and understand English" and could "write more than [her] name in English" and in light of the lack of any mention of illiteracy on the "Proposed Conclusion and Findings of Fact" submitted by her representative. (Tr. at 52, 141.)

Plaintiff's final argument that the illiteracy issue was not "triggered" until the ALJ found that Plaintiff could perform light work is without merit. Simply because a potentially dispositive issue is revealed in hindsight to have been more important than earlier thought—based on the resolution of other issues—does not mean that it need not have been raised in the first instance. Plaintiff waived her illiteracy argument.

Alternatively, even if Plaintiff's argument was not waived, the court agrees with the Magistrate Judge that the ALJ did not error in his application of the Regulations.

### B. Application of the Regulations

The Magistrate Judge determined that "the record supports the ALJ's decision declining to make use of medical-vocational guideline 202.09" and the "ALJ's decision is supported by substantial evidence." (R&R at 15-16.) Plaintiff objects because she alleges that Defendant failed to properly apply its own regulations. (Pl.'s Obj. ¶ 1.) Plaintiff contends that the case should be remanded because the ALJ never made a finding regarding Plaintiff's literacy, as Plaintiff alleges was required by Rule 202.09 of Appendix 2. (*Id.*)

At step five of the Social Security Administration's sequential analysis, the ALJ is to consider, among other things, the claimant's age, education, past work experience, and residual functional capacity, in order to determine whether the claimant is capable of performing other work in the national economy. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 282 (6th Cir. 2009). To promote consistent and uniform determinations at this step, the Social Security Administration has promulgated Appendix 2, which establishes numbered table rules. Soc. Sec. Ruling 83-10. "Each numbered rule in the appendix resolves the issue of capability to do other work by addressing specific combinations of

the factors (i.e., RFC, age, education, and work experience) that determine capability to do work other than that previously performed." *Id.* As relevant to this case, Appendix 2 sets forth the following numbered table rules for a claimant capable of performing light work:

| Rule | Age | Education | Previous Work Experience | Decision |
|---|---|---|---|---|
| 202.09 | Closely approaching advanced age | Illiterate or unable to communicate in English | Unskilled or none | Disabled |
| 202.13 | Closely approaching advanced age | High school graduate or more | Unskilled or none | Not disabled |

Appendix 2 to Subpart P of Part 404—Medical-Vocational Guidelines, Section 202.00, Table No. 2.

The Social Security Administration has determined that "with respect to the elements of a numbered rule, findings of fact based on the evidence in the individual claim must be made." Soc. Sec. Ruling 83-11. The Administration has stated that "appropriate findings" should show the RFC, education, age, and work experience of the claimant. *Id.* It described the "appropriate findings" for education as follows:

> *Education* coincides with one of the education categories listed in the regulations. Where an individual's present level of reasoning, communication, and arithmetical ability is higher or lower than the level of formal education, an explanation must be given. In the cases in which a person recently completed education at the high school level or above which provides a basis for direct entry into skilled work within his or her RFC, this finding of fact requires identification of the work skills, examples of specific occupations with his or her RFC the person can do, and a statement of the incidence of such jobs in the region in which the person lives or in several regions of the country.

9

*Id.* The Regulations list six categories that will be used in evaluating a claimant's educational level: (1) illiteracy, (2) marginal education, (3) limited education, (4) high school education and above, (5) inability to communicate in English, and (6) information about the claimant's education. 20 C.F.R. § 416.964(b).

The Regulations define illiteracy as "the inability to read or write." *Id.* The Administration will "consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name." *Id.* "Generally, an illiterate person has had little or no formal schooling." *Id.*

Regarding inability to communicate in English, the Regulations provide:

> [s]ince the ability to speak, read and understand English is generally learned or increased at school, we may consider this an educational factor. Because English is the dominant language of the country, it may be difficult for someone who doesn't speak and understand English to do a job, regardless of the amount of education the person may have in another language. Therefore, we consider a person's ability to communicate in English when we evaluate what work, if any, he or she can do. It generally doesn't matter what other language a person may be fluent in.

*Id.* Inability to communicate in English and illiteracy have less significance in the context of unskilled work because "the primary work functions in the bulk of unskilled work relate to working with things (rather than with data or people)." Appendix 2 to Subpart P of Part 404—Medical-Vocational Guidelines, Section 202.00(g). The Administration will ask a claimant "how long [he or she] attended school and whether [he or she is] able to speak, understand, read and write in English and do at least simple calculations in arithmetic." 20 C.F.R. § 416.964(b). Unless there is evidence to

contradict it, the Administration will use the claimant's numerical grade level to determine his or her educational abilities.  *Id.*

The court concludes that the ALJ properly applied the Regulations.  As required, the ALJ made a finding concerning Plaintiff's RFC, education, age, and work experience.  (Tr. at 19-21.)  Specifically, the ALJ's finding regarding education—that the "claimant has at least a high school education and is able to communicate in English"—was proper.  (*Id.* at 21 (citing 20 C.F.R. § 416.964).)  This finding, coupled with the ALJ's finding that Plaintiff could perform light work, triggered the framework of Rule 202.13, which the ALJ applied.  (*Id.* at 22.)  Plaintiff cites no authority for the proposition that an ALJ must make specific findings on every educational category listed in 20 C.F.R. § 416.964(b).  An explicit finding regarding literacy would be especially unnecessary when Plaintiff has previously affirmatively represented on her forms that she could "read and write English" and could "write more than [her] name in English" and when her "Proposed Conclusion and Findings of Fact" made no mention of illiteracy.  (*Id.* at 52, 141.)  The court therefore agrees with the Magistrate Judge that substantial evidence supported the ALJ's application of Rule 202.13, as opposed to Rule 202.09, and finds no error in the ALJ's failure to make an explicit finding regarding literacy.  Accordingly, the court will overrule Plaintiff's objections.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 13] are OVERRULED and the Magistrate Judge's April 6, 2010 report and recommendation [Dkt. # 12] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Summary Judgment" [Dkt. # 8] is DENIED and Defendant's "Motion for Summary Judgment" [Dkt. # 11] is GRANTED.

                                     s/Robert H. Cleland
                                     ROBERT H. CLELAND
                                     UNITED STATES DISTRICT JUDGE

Dated: April 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 30, 2010, by electronic and/or ordinary mail.

                                     s/Deborah J. Goltz
                                     Case Manager and Deputy Clerk
                                     (313) 234-5522